UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Omar Shaaban, *pro se*,　　　　　　　　　　　　　Case No. 3:18-cv-1781

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

United States Citizenship and Immigration
Service, et al.,

　　　　　Defendants.


Defendants the United States Citizenship and Immigration Service (USCIS); Kevin K. McAleenan, Acting Secretary of Homeland Security; L. Francis Cissna, Director of USCIS; David L. Neal, Chairman, Board of Immigration Appeals; and Mark Hansen, District Director, Cleveland Field Office, United States of America (collectively "Defendants"), seek to dismiss the claims asserted by *pro se* Plaintiff Omar Shaaban for insufficient service of process under Rule 12(b)(5). (Doc. No. 4).

Because he failed to respond to Defendants' arguments despite having been served with copies of the motion in a manner consistent with the Federal Rules of Civil Procedure, I deem Shaaban to have waived opposition to Defendants' motion. *See, e.g., Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 566 (6th Cir. 2017) (citing *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328 (6th Cir. 2008)); *Scott v. Tennessee*, 878 F.2d 382, *2 (6th Cir. 1989) (unpublished table decision).

Rule 4(i) lays out a specific process for serving a complaint and summons against the United States and its agencies, officers, or employees:

> (1) United States. To serve the United States, a party must:
>
>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>>
>>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i).

On November 20, 2018, Defendants filed a notice, indicating they had not yet been properly served with a copy of the summons and complaint as required by Rule 4(i), and that they would not waive service. (Doc. No. 3). Defendants indicate "Plaintiff failed to deliver a copy of the summons and complaint to the cognizant United States Attorney's Office and the Attorney General of the United States in Washington, D.C." (Doc. No. 4 at 3).

Rule 4(m) requires a court to dismiss an action without prejudice if a defendant has not been served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Shaaban did not complete service within that time frame and has not offered good cause for his failure to do so.

Therefore, I conclude Rule 4(m) mandates the dismissal of his action. Defendants' motion to dismiss, (Doc. No. 4), is granted. Shaaban's claims are dismissed without prejudice pursuant to

Rule 4(m) and Rule 12(b)(5). Defendants' application for entry of default, (Doc. No. 5), is dismissed as moot.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge